**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 9 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. **07 - CV - 00206**
(To be supplied by the court)

_Michael James Ratchford_ , Applicant,

v. _the Executive Director of the Department of Corrections_

_And/or Sheriff Fred Wegener_ , Respondent,
(Name of warden, superintendent, jailer, or other custodian)

and

The Attorney General
of the State of: _Colorado_ , Additional Respondent.

(Note: If you are attacking a judgment that imposed a sentence to be served in the future,
you must fill in the name of the state where the judgment was entered. If you have a
sentence to be served in the future pursuant to the judgment of a federal court, you should
file a motion pursuant to 28 U.S.C. § 2255 in the federal court that entered the judgment.)

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**APPLICATION FOR A WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. § 2254**

JAN 2 2 2007

GREGORY C. LANGHAM
CLERK

**A. CONVICTION UNDER ATTACK**

1. Name and location of the court
   that entered the judgment of
   conviction you are attacking:

   _Jefferson County Court_
   _100 Jefferson County Parkway_
   _Golden Colorado 80401_

2. Date the judgment of conviction
   was entered:

   _March 15th 2001_

(Rev. 4/15/02)

5

3.  Case number: _D0302000CR001956_

4.  Describe the type and length of sentence imposed: _6 yrs. Reduced to 4 yrs. Dept. Of Corrections_

5.  Are you serving a sentence that was imposed for a conviction other than the conviction you are attacking in this application?  ___ Yes  X No  (CHECK ONE)

6.  Nature of the offenses with which you were charged: (all counts)  _Class 4 Felony Theft / C.R.S. 18-4-401-(1) (A)_

7.  On which counts were you convicted?  _Felony Theft_

8.  What was your plea?  _Not Guilty_

9.  If you pled guilty pursuant to a plea bargain, describe the terms and conditions of the plea:  _N/A_

10. Kind of trial:  X Jury  ___ Judge only  (CHECK ONE)

11. Did you testify at trial?  ___ Yes  ___ No  (CHECK ONE)

## B. DIRECT APPEAL

1.  Did you file a direct appeal?  X Yes  ___ No  (CHECK ONE)

2.  Name and location of court in which the direct appeal was filed:  _Colorado Court of Appeals Two East 14th Ave. Denver Co. 80203_

(Rev. 4/15/02)

2

6

3.      Date and result of direct appeal
        (attach a copy of the decision if
        available):                            *JAN 30th 2003  JudGemenT AFFirmed*

4.      Did you seek review in the state's
        highest court on direct appeal?        X Yes ___ No  (CHECK ONE)

5.      Date and result of review in state's
        highest court (attach a copy of the
        decision if available):                *July 28th, 2003 / Certiorari - Denied*

6.      List the claims raised on direct
        appeal:                                *Unfair PreJudice due to An*
*inadmissable state ment, Possession of legally owned*
*Knives that were Not evidence, And lack of courts*
*instruction Limiting A Question Raised By Jury if they could*
*Consider the Knives to determine Guilt.*

7.      Were all claims raised on direct
        appeal presented to the state's
        highest court?                         X Yes ___ No  (CHECK ONE)

8.      If you did not file a direct appeal
        or if you did not present all of
        your claims to the state's highest
        court, explain why:                    _____

_____

_____

## C. POSTCONVICTION PROCEEDINGS

1.      Other than a direct appeal, have you initiated any
        postconviction proceedings with respect to the
        judgment under attack in any state or federal
        court?                                 X Yes ___ No  (CHECK ONE)

(Rev. 4/15/02)

2.  If you answered "Yes" to question 1., give the following information for each postconviction proceeding.  If you have initiated more than one postconviction proceeding, use extra paper to list each proceeding using the format below.

A.  Name and location of court:  *Jefferson county court*  *100 Jefferson Parkway Golden Co, 80401*

B.  Type of proceeding:  *35 (B) Reconsideration*

C.  Date filed:  *Jan, 24th 2003*

D.  List the claims raised:  *excessive Punishment for Property crimes. misrepresentation By council And good Prison Record*

E.  Date and result (attach a copy of the decision if available):  *Jan, 2nd 2004  Sentence Reduction of 2 years*

F.  Did you appeal?  ___ Yes  _X_ No  (CHECK ONE)

G.  Date and result on appeal (attach a copy of the decision if available):

H.  Did you appeal to the state's highest court?  ___ Yes  _X_ No  (CHECK ONE)

I.  Date and result of appeal to highest state court (attach a copy of the decision if available):

(Rev. 4/15/02)

Name of Court

A. Jefferson County court - 100 Jefferson Parkway Golden Co.
8-401

B. Types of Proceeding ___35-(C) Motion For Post conviction Relief___

C. Date Filed ___July 28th 2004___

D. Claims Raised - ~~seeking~~ Credit For confinement time
From conviction through Post Sentence confinement in
Denver County For A period of 18 Months And good time
credits For All Post Sentence confinement time
Lastly A Claim of ineffectual Assistance of
Council.

E. Decision Result Sept. 8th, 2004 - Denial - Judge Woodford States
defendants Claim of ineffectual Asst. of council had Never Previously
Been Raised. But it had - See Motion For Reconsideration page
7 - Highlighted. He Also States why it wasn't Raised on direct Appeal
Because I Never Met My Appealate Atty. And she Never Conferred
with me on 'ANY' issues concerning my Appeal See explanation
1. A.
= Did I Appeal - No - At the time I had no Idea I had A
Right to Appeal A Post conviction Relief Motion by the time
I learned it through Further Research the time Bar on my
(35-C) Post conviction Relief Motion had expired. A Few days
Later I was paroled on I.S.P. From the Colorado Dept.
of Corrections

Rev. 4/15/02                    8 ½

## D. CLAIMS

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important. You do not need to cite specific cases to support your claim(s). If you need additional space to describe any claim or to assert additional claims, use extra paper to continue the claim or to assert the additional claims. Identify clearly any additional pages that you attach to this form.

CAUTION: In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts for each claim asserted in this action.

1. Have you fairly presented to the state's highest court each of the claims asserted in this action?   _X_ Yes ___ No  (CHECK ONE)

2. If you answered "No" to question 1., list the claims that have not been fairly presented to the state's highest court and explain why: _____

_____

_____

3. Claim One:  _Double Jeopardy and Illegal incarceration._

   A. Supporting facts:  All the ACCOMPANYING Judgements Explaination packet (I.A.) And Mittimii Will support the Fact Ive served More than my sentence And Mandatory parole combined.

   B. If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim:

(Rev. 4/15/02)

4.   Claim Two:  *That New Sentence is Also completely served*

   A.   Supporting Facts:

   The mittimus For the attempt. escape charge C.R.S.
18-8-208.1 (2) case number D0472005CR000096
has Also Been exhausted As sentence is
one year with 495 days time served; -

   B.   If this claim was not raised on direct appeal or in one of the state postconviction
        proceedings already described above, explain how you have exhausted state
        court remedies for this claim:

5.   Claim Three:  *Also According to Colorado statutes*
     *17-22.5 -101 must Apply to All my Post conviction*
   A.   Supporting facts:  *And Post sentence confinement*
   According to Justice J. Rovira And  J. Quinn.
   J. Neighbors opines that All time served in County
   Jail must Recieve good time credits As not
   to violate offenders Equal protection.

   B.   If this claim was not raised on direct appeal or in one of the state postconviction
        proceedings already described above, explain how you have exhausted state
        court remedies for this claim:

## E. PRIOR APPLICATIONS

1.  Other than the instant action, have you filed any
    action in federal court challenging the conviction
    under attack in this action?                   ___ Yes  _X_ No  (CHECK ONE)

2.  If you answered "Yes" to question 1., give the following information for each prior
    federal court action challenging the conviction under attack in this action.

    A.  Name and location of court:  _____

    B.  Case number:  _____

    C.  Type of proceeding:  _____

    D.  List the claims raised:  _____

    E.  Date and result (attach a
        copy of the decision if
        available):  _____

3.  If the instant application is a second or successive
    application, have you obtained authorization from        *N/A*
    the United States Court of Appeals for the Tenth
    Circuit for this court to consider the application?   ___ Yes ___ No  (CHECK ONE)

## F. OTHER CONVICTIONS

1.  Do you have any concurrent or future sentence(s)
    to be served after you complete the sentence
    imposed as a result of the conviction under          *and*
    attack?                                          _X_ Yes _X_ No  (CHECK ONE)

    *See explaination 1.A.*

(Rev. 4/15/02)                          7

                                       11

2.   If you answered "Yes" to question 1., give the following information for each
     sentence:

   A.   Name and location of the court: _Denver County Dist court Den. Colorado_

   B.   Case number: _D0162002 CR00 3616_

   C.   Type and length of sentence: _1 yr D.O.C.  1 yr mandatory Parole_
        _concurrent with_
        _Jefferson cs. D0302000CR001956._

## G. LEGAL REPRESENTATION

1.   List the names and address, if known, of each attorney who has represented you in
     proceedings regarding the conviction under attack:

   A.   Preliminary hearing:          _WilFredo Rios_

   B.   Arraignment and plea:         _WilFredo Rios_

   C.   Trial                         _WilFredo Rios_

   D.   Sentencing:                   _WilFredo Rios_

   E.   Appeal:                       _ElizaBeth Griffin_

   F.   Postconviction proceedings:   _Pro-se_

   G.   Appeal from any adverse ruling
        in postconviction proceedings: _N/A_

(Rev. 4/15/02)

F. other convictions

3. A. Denver county District court Den Co.

B. case no. 00CR2178

C. Misdemeanor - Tampering 18 months county jail time to Run concurrent with Jefferson County sentence of 4 years case Number D0302000CR001956.

4. A. District court Park County Colorado.

B. case no. D0472005 C.R. 000096

C. Attempted escape 1 year Department of Corrections with one year Mandatory parole to Run concurrent with Jefferson County sentence case No. D0302000CR001956.

P. 12 ½

## H. REQUEST FOR RELIEF

I request the following relief: Credit For All time served pre And post sentence confinement — Credit For Time At Liberty For Mistaken Release From Custody Good time credits to Apply to All the due credits I've Just ReQuested. Credit For the 81 days Illegally detained on I.S.P. An Award of $300.00 dollars per day For every day of Illegal incarceration, And An Affirmitive on this Petition effecting An Immediate Release From PARK County And the Dept. of correction

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on <u>January 16th 2007</u>
(Date)

<u>Michael Ratchford</u>
(Applicant's Original Signature)

Applicant's prisoner identification number and complete mailing address:

115106 At this time PARK County D.C. Box 965 FairPlay Colorado 80440-0965 Permanent Address Dept of Corrections 2862 South Circle Dr. Colorado Springs Co, 80906

(Rev. 4/15/02)

COLORADO COURT OF APPEALS

---

Court of Appeals No. 01CA1050
Jefferson County District Court No. 00CR1956
Honorable Tom Woodford, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Michael J. Ratchford,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE CASEBOLT
Taubman and Nieto, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(f)**
January 30, 2003

---

Ken Salazar, Attorney General, Jess A. Redman, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

David S. Kaplan, Colorado State Public Defender, Elizabeth
Griffin, Deputy State Public Defender, Denver, Colorado, for
Defendant-Appellant

Defendant, Michael J. Ratchford, appeals the judgment of conviction entered upon a jury verdict finding him guilty of theft of property worth $500 or more but less than $15,000. We affirm.

Two security officers at a J.C. Penney store located in a mall saw defendant enter the store carrying a backpack and two merchandise bags from another store. As the security officers watched, defendant shoplifted several items of merchandise and then walked out of the store. Before he was apprehended by the security officers, defendant discarded the merchandise he had stolen from the J.C. Penney store as well as the backpack and the two bags of merchandise.

One of the security officers testified that she recovered $405 worth of merchandise stolen from J.C. Penney in the bags defendant discarded. The security officer also testified that defendant had discarded a $60 pair of sneakers. Although the witness was able to verify that the brand of the sneakers was sold by J.C. Penney, she was unable to say whether the sneakers were stolen.

An assistant manager of a Montgomery Ward's store in the same mall identified items of merchandise recovered from the bags defendant discarded. The witness testified that the items came from a Montgomery Ward's store, though she was unable to state whether they had been taken from the store where she worked. The witness testified that the combined value of the items was

1

$49.99.

An employee of a Gart Sports store in the same mall identified two items of merchandise recovered from the bags defendant had discarded.  The witness testified that the items came from a Gart Sports store and sold for $34.99, though he was unable to state whether they had been taken from the store where he worked.

An employee of a Dillard's store in the same mall identified items of merchandise recovered from the bags defendant discarded. The witness testified that Dillard's sold the same type of hat that defendant was wearing when he was arrested and that the sales price was $20.  However, the witness was unable to state whether the hat had been taken from the store where she worked.

The arresting police officer testified that he had shown defendant all of the above-described merchandise from J.C. Penney (including the sneakers), Montgomery Ward's, Gart Sports, and Dillard's.  According to the officer, defendant admitted that he had stolen all those items from the mall stores on that day.  The officer further testified that defendant had told him that he had not been in any other mall that day and that he shoplifted the merchandise to sell it to support his $1000 per day crack cocaine habit.  Although the officer also discovered several knives and other items in defendant's possession, defendant told the officer that he had stolen those things from other stores on a different day.

2

At trial, defendant's theory of defense was that the prosecution was unable to prove beyond a reasonable doubt that the aggregate value of the property he stole on the day of his arrest was $500 or more.

I.

Defendant first asserts that the trial court erred by instructing the jury that, in aggregating the value of the stolen property, it could consider thefts defendant had committed in the six months preceding the date of his arrest. We conclude any error was harmless beyond a reasonable doubt.

The information charged defendant with a single count of theft of property valued at $500 or more but less than $15,000 in violation of § 18-4-401(1)(a), C.R.S. 2002. The information alleged that the offense was committed on the same day that defendant was arrested.

The prosecution filed a bill of particulars itemizing the stolen property and identifying the store from which each item had allegedly been taken. Although the amount of property stolen from each store was less than $500, the aggregate value of the property stolen from the four stores exceeded $500. The bill of particulars did not allege that any of the criminal conduct occurred on a date other than the date of defendant's arrest.

Over defendant's objection, the trial court instructed the jury that defendant was charged with committing the crime of theft "on or about" the date of his arrest. The trial court's

3

verdict form required the jury, if it found defendant guilty of theft, to make a special finding as to whether the aggregate value of the property was $500 or more, but less than $15,000. The verdict form stated that the value could be the result of "the defendant committing theft two or more times within a period of six months."

On appeal, defendant argues, as he did in the trial court, that the court's instructions and verdict form effectively broadened the dates in the information pursuant to the following uncharged sentence enhancement provision of § 18-4-401(4), C.R.S. 2002:

> When a person commits theft twice or more within a period of six months without having been placed in jeopardy for the prior offense or offenses, and the aggregate value of the things involved is five hundred dollars or more but less than fifteen thousand dollars, it is a class 4 felony . . . .

Although the prosecutor made clear in closing argument that the charge was based entirely on the "one day" that defendant was arrested, we agree with defendant that, under the instructions and verdict form given, the jury might have based its special finding on conduct not occurring on the charged date. However, any such error did not affect the verdict in this case.

The sentence enhancement provision here had to be proved beyond a reasonable doubt to a jury. See Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Therefore, we shall conduct our review according to the same strict standard

4

that pertains to errors in elemental instructions.

A jury instruction that is erroneous because it omits or misdescribes an element of the offense is not subject to structural error analysis, but instead constitutes trial error subject only to constitutional harmless or plain error review. To find a constitutional error harmless, an appellate court must be confident beyond a reasonable doubt that the error did not contribute to the guilty verdict. Griego v. People, 19 P.3d 1, 8 (Colo. 2001).

Here, based on the evidence presented, the jury would have had no reason to reject defendant's admission that he stole the specified items from the stores in the mall on the day he was arrested but accept his admission that he stole the other items from other stores on other dates. Therefore, because the value of the property that defendant admitted stealing from the mall on the day of his arrest exceeded $500, it is irrelevant whether the jury also considered the other property he stole on other dates. Under these circumstances, we are convinced beyond a reasonable doubt that the error in the jury instructions was harmless.

II.

Defendant next contends that the trial court committed plain error by admitting his statement to police indicating that he stole merchandise to support his $1000 per day crack cocaine habit. In a related claim, defendant argues that the trial court committed plain error by not giving the jury an instruction

5

limiting its consideration of this evidence. We reject both contentions.

When, as here, a defendant fails to make a contemporaneous objection to testimony or request a limiting instruction, our review is limited to determining whether the error rises to the level of plain error. Plain error occurs when an error or defect affects the defendant's substantial rights. The error must so undermine the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. People v. Eppens, 979 P.2d 14, 18 (Colo. 1999); People v. Underwood, 53 P.3d 765 (Colo. App. 2002).

Here, in closing argument, the prosecution only referred to defendant's statement concerning his cocaine habit for the relevant purpose of establishing that defendant had a motive to commit the thefts. The defense also relied on this evidence in closing argument to elicit sympathy from the jurors and to criticize the thoroughness of the arresting officer's investigation. We conclude that the parties' arguments sufficiently directed the jury's consideration of the evidence such that its admission without a limiting instruction did not undermine the fundamental fairness of the trial. Accordingly, we perceive no plain error.

III.

Finally, defendant argues that the trial court committed reversible error by responding to the jury's inquiry concerning

6

the purposes for which it could consider evidence of the knives that were in his possession at the time of his arrest. We are not persuaded.

If a jury affirmatively indicates that it has a fundamental misunderstanding of the instructions that cannot be clarified by reference to some portion of the original instructions, then the trial court should give the jury appropriate additional instructions. Leonardo v. People, 728 P.2d 1252 (Colo. 1986).

Here, during deliberations, the jury submitted the following question to the court: "Can the fact that the defendant was in possession of knives be taken into account when considering the evidence given to us in our deliberation[s ?]" Although defendant urged the court not to reply, the court responded as follows: "The defendant is not charged with theft of knives or possession of knives. You can consider the evidence regarding the knives in determining whether the defendant is guilty or not guilty of the charge in this case if you find such evidence helpful in deciding this case."

We conclude the trial court's response was an appropriate supplement to the original instructions because the jury's question concerned the ambiguity, discussed in the first section of this opinion, arising from the "on or about" language in the elemental instruction and the verdict form based on § 18-4-401(4). Although it would have been preferable for the trial court to include a statement limiting the jury's consideration of

7

the knife evidence to the purposes outlined in CRE 404(b), under the circumstances of this case we conclude that defendant was not prejudiced by the trial court's response.

The evidence proving that defendant committed the thefts was overwhelming or at least compelling. In light of the strength of this evidence, there is no reason to believe that the jury improperly relied on the evidence of the stolen knives in deciding whether defendant committed the thefts for which he was charged. Moreover, the record does not support defendant's assertion that the prosecution introduced the evidence of the knives in order to create an inference that defendant was a violent person.

### IV.

Because we conclude defendant was not prejudiced by any of the individual errors of which he complains, we also reject his claim of cumulative error. See People v. Auman, ___ P.3d ___ (Colo. App. No. 99CA0016, Sept. 26, 2002).

The judgment is affirmed.

JUDGE TAUBMAN and JUDGE NIETO concur.

SUPREME COURT, STATE OF COLORADO **CLIENT'S COPY** CASE NO. 03SC187
Two East Fourteenth Avenue
Denver, CO 80203

CERTIORARI TO THE COURT OF APPEALS, 01CA1050
DISTRICT COURT, JEFFERSON COUNTY, 00CR1956

REC'D JUL 2 8 2003

Petitioner:

MICHAEL RATCHFORD,

v.

Respondent:

THE PEOPLE OF THE STATE OF COLORADO.

---

### ORDER OF COURT

Upon consideration of the Petition for Writ of Certiorari to the Colorado Court of Appeals, and after review of the record, briefs, and the judgment of said Court of Appeals,

IT IS THIS DAY ORDERED that said Petition for Writ of Certiorari shall be, and the same hereby is, DENIED.

BY THE COURT, EN BANC, July 28, 2003.

cc:

Elizabeth Griffin
Deputy State Public Defender

Jess A. Redman, AAG
Appellate Division
Criminal Justice Section

Clerk of the Court
Colorado Court of Appeals

Clerk of the Combined Court
Jefferson County Court &
Administrative Facility
100 Jefferson County Parkway
Golden, CO 80401





Supreme Court
State of Colorado
Certified to be a full, true and correct copy

JUL 2 8 2003

MAC V. DANFORD
Clerk of the Supreme Court
By

Honorable Tom Woodford
Jefferson County Court &
Administrative Facility
100 Jefferson County Parkway
Golden, CO 80401

CLIENT'S COPY

| | | |
|---|---|---|
| ☐ Small Claims ☐ County Court  X District Court<br>☐ Probate Court ☐ Juvenile Court ☐ Water Court<br>__Jefferson__  County, State of Colorado<br>Court Address:  100 Jefferson County Parkway<br>            Golden, Colorado 80401 | | |

Plaintiff,

PEOPLE OF THE STATE OF COLORADO

vs.

Defendant,

MICHAEL RATCHFORD

▲  **COURT USE ONLY**  ▲

Case Number: 00 CR 1956

Div.: 1 Ctrm:  4B

### JUDGEMENT AND ORDER REDUCING SENTENCE

THIS MATTER comes upon Defendant's "Motion For Sentence Reconsideration, Pursuant to Crim.P. 35B."

Mr. Ratchford filed through counsel, a Motion "For Sentence Reconsideration, Pursuant to Crim P. 35 (B)."  The people have filed no response.   Attached to Mr. Ratchford's Motion is a typed letter to the Court which he has written.  Mr. Ratchford states that he thinks his attorney "terribly misrepresented" him, but he does allege ineffective assistance of counsel or any other grounds for relief under Crim. P. 35 (c)

Mr. Ratchford has made a very good record at the Department of Corrections where he has been confined since approximately April 2001.  He appealed his conviction to the Colorado

Court of Appeals, his conviction was affirmed.  He then applied for certiorari from the Colorado Supreme Court.  That request was denied.

In considering Mr. Ratchford's request for Rule 35 (b) relief I find the record supports his contention that he has accomplished much while in the Department of Corrections.  I also note that he has no history of physical violence that I can glean from the record.  I also find that a 6 year sentence may have been somewhat excessive for property crimes.  However, Mr. Ratchford has a substantial criminal record.  He shoplifted repeatedly to a support his drug addiction.

**Taking all of this into account, I find that Mr. Ratchford's sentence should be reduced. It is Hereby Ordered that his sentence is reduced from 6 years to 4 years on the theft charge.**

SO ORDERED on 23rd day of December, 2003.

BY THE COURT:

Thomas Woodford
District Court Judge

Combined Court, Jefferson County, State of Colorado
Case#:D0302000CR001956  Div/Room: 1
JUDGMENT OF CONVICTION, SENTENCE  Amended
                  The People of Colorado vs RATCHFORD, MICHAEL JAMES
                          DOB  2/07/1958  SID 737839

The Defendant was sentenced on:  1/02/2004
People represented by...: STOREY SCOTT
Defendant represented by: RIOS WILFREDO
UPON DEFENDANT'S CONVICTION this date of:  3/15/2001
The defendant was found guilty after trial of:
Count #     1 Charge: THEFT $500-$15,000
C.R.S # 18-4-401(1)(a)                        Class: F4
Date of offense(s):  8/04/2000 to  8/04/2000   Date of finding(s): 3/15/2001

IT IS THE JUDGMENT/SENTENCE OF THIS COURT that the defendant be resentenced to
THE CUSTODY OF THE EXECUTIVE DIRECTOR OF THE DEPARTMENT OF CORRECTIONS
DEFENDANT WAS ORIGINALLY SENTENCED ON 4/23/2001 to 6 YRS DOC
which is now modified and on:  1/02/2004
Department of Corrections          4.00 YEARS
Credit for Time Served             113.00 DAYS                COUNT      1
Plus a mandatory period of parole as required by statute.    COUNT      1
Months on parole 0036

The Defendant shall also pay the following costs:
                  Assessed              Balance
        $        305.00       $        303.00

THEREFORE, IT IS ORDERED the Sheriff of Jefferson County    shall convey the
DEFENDANT to the following department TO BE RECEIVED AND KEPT ACCORDING TO LAW
COLORADO STATE DEPARTMENT OF CORRECTIONS DIAGNOSTIC CENTER

                      ADDITIONAL REQUIREMENTS
Commit no violations of law except traffic infractions for the term of
defendant's sentence
Defendant shall refrain from consuming illegal drugs and/or alcohol for the
period of his/her sentence.

JUDGMENT OF CONVICTION IS NOW ENTERED, IT IS FURTHER ORDERED OR RECOMMENDED:

DATE  1/2/04   NPT  4/23/01   JUDGE/MAGISTRATE                       
                                          TOM  WOODFORD

----------------- CERTIFICATE OF SHERIFF -----------------
I CERTIFY THAT I EXECUTED THIS ORDER AS DIRECTED
DATE_____              SHERIFF_____
                                   BY DEPUTY_____

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 5th day of ~~December 2003~~ _Jan 2004_, placed a true and correct copy of the foregoing **ORDER** through the US Postal Service and addressed to the following: _and new mittimus_

Elizabeth Griffin
Deputy State Public Defender
110 Sixteenth Street, Suite 800
Denver, CO 80202

Michael Ratchford
ACC-E
PO Box 300
Canon City, CO 81215

Jefferson County District Attorney's Office

INNER OFFICE MAIL

_____
Clerk - Division 1

☐ Small Claims  ☐ County Court  ☒ District Court
☐ Probate Court  ☐ Juvenile Court  ☐ Water Court
JEFFERSON  County, State of Colorado
Court Address:  100 Jefferson County Parkway
                 Golden, CO 80401

PEOPLE OF THE STATE OF COLORADO,

Plaintiff,

v.

MICHAEL RATCHFORD,

Defendant.

▲  **COURT USE ONLY**  ▲

Case Number: 00CR1956

Div.:1  Ctrm: 4-B

## ORDER DENYING DEFENDANT'S CRIM. P. 35(c) MOTION

Defendant filed "Opening Brief of Defendant Appealant (sic) Motion for Post Conviction Relief – 35-C" and "*Pro Se* Motion for Appointment of Counsel" on August 4, 2004.  The People did not respond.

Defendant requests post-conviction relief for ineffective assistance of counsel. Defendant alleges:

1. Defendant's Counsel, Mr. Wilfredo Rios, was ineffective in discussing a plea offer from the District Attorney's office for an 18 month sentence.

2. Defendant's Counsel was ineffective in his knowledge of the jury instructions.

After reviewing the file, the motion and record of the case, I find the allegations clearly lack merit and postconviction relief is not warranted.  *Ardolino v.*

1

four years to the Department of Corrections.  We cannot go back to the date when the alleged offer was made and determine whether Defendant would have accepted the offer because Defendant now knows the outcome of the case.  Nor can I go back into time and determine whether I would accept Defendant's plea.  There are too many factors to consider in the plea negotiation and plea agreement for us to try to recreate the situation when we already know the outcome of the case.  I also question the validity of the alleged plea offer given Mr. Ratchford's criminal history.

I seriously doubt Mr. Rios did not understand the jury instructions or the law relating to them.  Even assuming the Mr. Rios was not knowledgeable about the jury instructions, which I do not, the Colorado Court of Appeals stated that because of Defendant's admissions and the other evidence, Defendant was convicted.  Counsel's knowledge of the jury instructions would not have affected the verdict.

I also question why Defendant waited until this late date to bring up the ineffective assistance of counsel allegations.  He should have brought them up on his appeal.

**Defendant's request for postconviction relief for ineffective assistance of counsel is denied.**

**Defendant's request for Court Appointed Counsel is also denied because his allegations are without merit.**

3

*People*, 69 P.3d 73 (Colo. 2003).  No hearing is necessary.  Crim. P. 35(c)(3).  I

decline to appoint counsel.  Crim. P. 35(c)(3).

      To determine ineffective assistance of counsel, Defendant must establish that

Counsel's assistance was below reasonably competent assistance, and that the

deficient assistance resulted in a reasonable probability that the outcome would have

been different.  *People v. Gene Enrique Aviles*, Court of Appeals No. 02CA398

(2003) (citing the *Strickland* test).

      The Colorado Court of Appeals affirmed the Trial Court on January 30, 2004.

*People v. Michael Racthford*, Court of Appeals No. 01CA1050 (2004).  The

Colorado Court of Appeals considered the issue on the jury instructions.  The

Colorado Court of Appeals held that "because the value of the property that

defendant admitted stealing from the mall on the day of his arrest exceeded $500, it is

irrelevant whether the jury also considered the other property he stole on the other

dates."  *Id*.  The Colorado Court of Appeals also held, "The evidence proving that

defendant committed the thefts was overwhelming or at least compelling."

      Mr. Rios often appears in my Court for criminal cases.  He is always prepared

and professional.  I seriously doubt that Mr. Rios did not discuss an offer tendered by

the District Attorney.  Hindsight is twenty-twenty.  Defendant states that he would

have accepted the offer, if Counsel would have told him.  Defendant's sentence is

Defendant also requests presentence confinement credit and good time credit. Defendant does not state clearly why Defendant is entitled to more presentence confinement credit. **Defendant's 113 days of presentence confinement credit stands.**

Defendant does not state the grounds for which I should credit him with good time.

**Defendant's Motion for Postconviction Relief is denied.**

**SO ORDERED** this 8th day of Sept., 2004.

BY THE COURT:

Tom Woodford
District Court Judge

4

*Statement of Facts And Original Mittimus*

Combined Court, Jefferson County, State of Colorado
Case#:D0302000CR001956  Div/Room: 1
JUDGMENT OF CONVICTION, SENTENCE  Original
The People of Colorado vs RATCHFORD, MICHAEL JAMES
DOB 2/07/1958  SID 737839

The Defendant was sentenced on:  4/23/2001
People represented by...: STOREY SCOTT
Defendant represented by: RIOS WILFREDO
UPON DEFENDANT'S CONVICTION this date of:  3/15/2001
The defendant was found guilty after trial of:
Count #    1 Charge: THEFT $500-$15,000
C.R.S # 18-4-401(1)(a)
Date of offense(s):  8/04/2000 to  8/04/2000     Class: F4
                                        Date of finding(s): 3/15/2001

IT IS THE JUDGMENT/SENTENCE OF THIS COURT that the defendant be sentenced to
THE CUSTODY OF THE EXECUTIVE DIRECTOR OF THE DEPARTMENT OF CORRECTIONS
DEPARTMENT OF CORRECTIONS          6.00 YEARS
CREDIT FOR TIME SERVED           113.00 DAYS                    COUNT      1
Plus a mandatory period of parole as required by statute.     COUNT      1
Months on parole 0000

The Defendant shall also pay the following costs:
              Assessed            Balance
      $        305.00      $        305.00

THEREFORE, IT IS ORDERED the Sheriff of Jefferson County     shall convey the
DEFENDANT to the following department TO BE RECEIVED AND KEPT ACCORDING TO LAW
COLORADO STATE DEPARTMENT OF CORRECTIONS DIAGNOSTIC CENTER

                    ADDITIONAL REQUIREMENTS
Commit no violations of law except traffic infractions for the term of
defendant's sentence
Defendant shall refrain from consuming illegal drugs and/or alcohol for the
period of his/her sentence.

JUDGMENT OF CONVICTION IS NOW ENTERED, IT IS FURTHER ORDERED OR RECOMMENDED:

DATE   4/23/01     NPT_____
                              JUDGE_____
                              TOM  WOODFORD

                    CERTIFICATE OF SHERIFF
CERTIFY THAT I EXECUTED THIS ORDER AS DIRECTED
DATE_____              SHERIFF_____
                              BY DEPUTY_____

Combined Court, Jefferson County, State of Color~~WORKING FILE~~
Case#:D0302000CR001956  Div/Room: 1
JUDGMENT OF CONVICTION, SENTENCE  Amended
The People of Colorado vs RATCHFORD, MICHAEL JAMES
DOB  2/07/1958  SID:737839

The Defendant was sentenced on: 1/02/2004                    JAN  7 2004
People represented by...: STOREY SCOTT                        Amended
Defendant represented by: RIOS WILFREDO
UPON DEFENDANT'S CONVICTION this date of: 3/15/2001
The defendant was found guilty after trial of:              INMATE No. 115106
Count #    1 Charge: THEFT $500-$15,000                        AVCC
C.R.S # 18-4-401(1)(a)                          Class: F4
Date of offense(s): 8/04/2000 to 8/04/2000    Date of finding(s): 3/15/2001

IT IS THE JUDGMENT/SENTENCE OF THIS COURT that the defendant be resentenced to
THE CUSTODY OF THE EXECUTIVE DIRECTOR OF THE DEPARTMENT OF CORRECTIONS
DEFENDANT WAS ORIGINALLY SENTENCED ON 4/23/2001 to 6 YRS DOC
which is now modified and on: 1/02/2004
Department of Corrections            4.00 YEARS              COUNT       1
Credit for Time Served             113.00 DAYS              COUNT       1
Plus a mandatory period of parole as required by statute.
Months on parole 0036

The Defendant shall also pay the following costs:
                Assessed              Balance
        $        305.00       $        303.00

THEREFORE, IT IS ORDERED the Sheriff of Jefferson County    shall convey the
DEFENDANT to the following department TO BE RECEIVED AND KEPT ACCORDING TO LAW
COLORADO STATE DEPARTMENT OF CORRECTIONS DIAGNOSTIC CENTER

                    ADDITIONAL REQUIREMENTS
Commit no violations of law except traffic infractions for the term of
defendant's sentence
Defendant shall refrain from consuming illegal drugs and/or alcohol for the
period of his/her sentence.

JUDGMENT OF CONVICTION IS NOW ENTERED, IT IS FURTHER ORDERED OR RECOMMENDED:

DATE  1/2/04  NPT  4/23/01  JUDGE/MAGISTRATE _____
                                            TOM  WOODFORD

                    CERTIFICATE OF SHERIFF
I CERTIFY THAT I EXECUTED THIS ORDER AS DIRECTED
DATE_____            SHERIFF_____
                                BY DEPUTY_____



Combined Court, Jefferson County, State of Colorado
Case#:D0302000CR001956   Div/Room: 1
JUDGMENT OF CONVICTION, SENTENCE   Amended
                    The People of Colorado vs RATCHFORD, MICHAEL JAMES
                              DOB   2/07/1958   SID 737839

The Defendant was sentenced on:   1/02/2004
People represented by...:  STOREY SCOTT
Defendant represented by: RIOS WILFREDO
UPON DEFENDANT'S CONVICTION this date of:   3/15/2001
The defendant was found guilty after trial of:
Count #     1 Charge: THEFT $500-$15,000
C.R.S # 18-4-401(1)(a)                        Class: F4
Date of offense(s):  8/04/2000 to  8/04/2000   Date of finding(s): 3/15/2001

IT IS THE JUDGMENT/SENTENCE OF THIS COURT that the defendant be resentenced to
THE CUSTODY OF THE EXECUTIVE DIRECTOR OF THE DEPARTMENT OF CORRECTIONS
DEFENDANT WAS ORIGINALLY SENTENCED ON 4/23/2001 to 6 YRS DOC
which is now modified and on:  1/02/2004
Department of Corrections          4.00 YEARS                COUNT      1
Credit for Time Served             113.00 DAYS               COUNT      1
Plus a mandatory period of parole as required by statute.
Months on parole 0036

The Defendant shall also pay the following costs:
                    Assessed                Balance
        $       305.00        $       303.00

THEREFORE, IT IS ORDERED the Sheriff of Jefferson County     shall convey the
DEFENDANT to the following department TO BE RECEIVED AND KEPT ACCORDING TO LAW
COLORADO STATE DEPARTMENT OF CORRECTIONS DIAGNOSTIC CENTER

                    ADDITIONAL REQUIREMENTS
Commit no violations of law except traffic infractions for the term of
defendant's sentence
Defendant shall refrain from consuming illegal drugs and/or alcohol for the
period of his/her sentence.

JUDGMENT OF CONVICTION IS NOW ENTERED, IT IS FURTHER ORDERED OR RECOMMENDED:

DATE  1/2/04   NPT  4/23/01    JUDGE/MAGISTRATE
                                        TOM   WOODFORD

------------------- CERTIFICATE OF SHERIFF ------------------
I CERTIFY THAT I EXECUTED THIS ORDER AS DIRECTED
DATE_____        SHERIFF_____
                                   BY DEPUTY_____

RID:D0472005CR000096-000046

District Court, Park County, State of Colorado
Case#:D0472005CR000096  Div/Room: 2
JUDGMENT OF CONVICTION, SENTENCE  Original
                The People of Colorado vs RATCHFORD, MICHAEL JAMES
                          DOB  2/07/1958  SID 737839

    AKA: JOHNSON, MICHAEL JAMES
    AKA: PARSONS, TIMOTHY MICHAEL
    AKA: HAYES, SAMUEL
    AKA: SCOTT, MICHAEL J

The Defendant was sentenced on: 12/18/2006
People represented by...: ROSS, CHEYENNE
Defendant represented by: MURPHY, PATRICK
UPON DEFENDANT'S CONVICTION this date of: 10/30/2006
The defendant pled guilty to:
Count #    1 Charge: Escape-Attempt from felony pending
C.R.S # 18-8-208.1(2)                          Class: F5
Date of offense(s):  6/09/2005 to  6/09/2005  Date of plea(s):  10/30/2006

IT IS THE JUDGMENT/SENTENCE OF THIS COURT that the defendant be sentenced to
Department of Corrections           1.00 YEARS                COUNT    1
Credit for Time Served            495.00 DAYS                 COUNT    1
CONCURRENT WITH COUNT       CASE NUMBER: 2000CR  1956 Jefferson County
CONCURRENT WITH COUNT       CASE NUMBER: 2002CR  3616 Denver County
PAY FINES AND COSTS ASSESSED; DOC TIME IS FOR 1 YEAR WITH MANDATORY 1 YEAR
PAROLE                                                            /GLE
Plus a mandatory period of parole as required by statute.
Months on parole 0012

|   | Assessed |   | Balance |
|---|---|---|---|
| $ | 372.50 | $ | 372.50 |

ADDITIONAL REQUIREMENTS

JUDGMENT OF CONVICTION IS NOW ENTERED, IT IS FURTHER ORDERED OR RECOMMENDED:

DATE 12/18/06  NPT    PARK COUNTY
                     COLORADO
                      SEAL  JUDGE/MAGISTRATE _____
                   COMBINED COURT              CHARLES M BARTON

                   CERTIFICATE OF SHERIFF
I CERTIFY THAT I EXECUTED THIS ORDER AS DIRECTED
DATE_____          SHERIFF_____
                             BY DEPUTY_____



COLORADO
PUBLIC DEFENDER
THAT JUSTICE ESCAPE NONE
ESTABLISHED 1970

OFFICE OF THE STATE PUBLIC DEFENDER

DAVID S. KAPLAN
STATE PUBLIC DEFENDER

April 30, 2004

Michael Ratchford
Reg. No. 115106
Unit – South-1-W-14
B.V.C.F.
P.O. Box 2017
Buena Vista, CO 81211—2017

Re:  Case No. 00CR2178

Mr. Ratchford,

I am in receipt of your letter dated April 22, 2004. In the case in which I represented you, 00CR2178, you were sentenced to 18 months Denver County Jail upon a plea to a misdemeanor. That sentence was to run concurrent to your DOC sentence in 00CR1956 out of Jefferson County. On October 5, 2001 you were given credit for 323 days on your Denver sentence.

I can't do anything about your sentence or the credits against that sentence in Jefferson County. You need to contact your attorney, Mr. Rios, concerning that case.

In response to your request for records of your appeal, you need to contact Ms. Griffin for those materials. I have nothing in my file, especially since your appeal relates solely to your Jefferson County case.

CHARLES F. GARCIA
Deputy State Public Defender

# Certificate of Mailing

I hereby certify that a copy of the foregoing pleading / document was mailed to

_united states District courthouse_

_Alfred A. Arraj u.s. courthouse 901 19th st_ (defendant(s) or Counsel for defendant(s)

_Room A 105 Denver_

At _colorado 80294-3589_ (address) on _1 / 18_ / 2007

_Michael Ratchford_

Plaintiff's Original Signature

# Certificate of Mailing

I hereby certify that a copy of the foregoing pleading / document was mailed to

Colorado Dept of Corrections     (defendant(s) or Counsel for defendant(s)
2862 south Cir, Dr,
At Colorado Springs co, 80906 (address) on _/_ / /8 / 2007

Michael Rabatt
Plaintiff's Original Signature

# Certificate of Mailing

I hereby certify that a copy of the foregoing pleading / document was mailed to

_Park County Courthouse_   (defendant(s) or Counsel for defendant(s)
_300 Fourth St_
At _Fairplay Co. 80440_   (address) on _/ / 18 /_ 2007

_Michael Ratolfo_

Plaintiff's Original Signature