IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 23 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-CV-00206
(To be supplied by the court)

Michael James Ratchford, Applicant,

v. Colorado Dept. of Corrections, Chaffee County, And

Buena Vista Correctional Facility, Respondent,
(Name of warden, superintendent, jailer, or other custodian)

and

The Attorney General
of the State of: Colorado, Additional Respondent.

(Note: If you are attacking a judgment that imposed a sentence to be served in the future, you must fill in the name of the state where the judgment was entered. If you have a sentence to be served in the future pursuant to the judgment of a federal court, you should file a motion pursuant to 28 U.S.C. § 2255 in the federal court that entered the judgment.)

## APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254

### A. CONVICTION UNDER ATTACK

1. Name and location of the court that entered the judgment of conviction you are attacking: Jefferson County courthouse, 100 Jefferson County Parkway, Golden Colorado 80401

2. Date the judgment of conviction was entered: March 15th 2001

(Rev. 9/02/04)

3. Case number: 2D302000CR0D1956

4. Describe the type and length of sentence imposed: 6 yrs. Reduced to 4 yrs Dept of corrections

5. Are you serving a sentence that was imposed for a conviction other than the conviction you are attacking in this application?   Not sure But Answer should Be ___ Yes  X No  (CHECK ONE)

6. Nature of the offenses with which you were charged: (all counts)   Class 4 Felony theft / C.R.S. 18-4-401-(1)(A)

7. On which counts were you convicted?   Same - 1 count Felony theft

8. What was your plea?   Not Guilty

9. If you pled guilty pursuant to a plea bargain, describe the terms and conditions of the plea:   N/A

10. Kind of trial:   X Jury  ___ Judge only  (CHECK ONE)

11. Did you testify at trial?   ___ Yes  X No  (CHECK ONE)

## B. DIRECT APPEAL

1. Did you file a direct appeal?   X Yes  ___ No  (CHECK ONE)

2. Name and location of court in which the direct appeal was filed:   Colorado Court of Appeals, two East 14th Ave, Denver Co. 80203

(Rev. 9/02/04)                    2

3.  Date and result of direct appeal (attach a copy of the decision if available): JAN 30th 2003 Judgement Affirmed

4.  Did you seek review in the state's highest court on direct appeal?   X Yes ___ No (CHECK ONE)

5.  Date and result of review in state's highest court (attach a copy of the decision if available): July 28th 2003 / Certiorari - denied

6.  List the claims raised on direct appeal: unfair Prejudice due to inadmissable statement and Jury instructions, and the Allowance of the Jury to examine legally owned possesions of defendant that were Not Actual evidence (I.E.) Knives, And the lack by the trial court to instruct Jury whether they could use personal Property or Knives to determine the Guilt of the Defendant.

7.  Were all claims raised on direct appeal presented to the state's highest court?   X Yes ___ No (CHECK ONE)

8.  If you did not file a direct appeal or if you did not present all of your claims to the state's highest court, explain why: _____

## C. POSTCONVICTION PROCEEDINGS

1.  Other than a direct appeal, have you initiated any postconviction proceedings with respect to the judgment under attack in any state or federal court?   X Yes ___ No (CHECK ONE)

(Rev. 9/02/04)                3

2. If you answered "Yes" to question 1., give the following information for each postconviction proceeding. If you have initiated more than one postconviction proceeding, use extra paper to list each proceeding using the format below.

A. Name and location of court: *Jefferson County Court 100 Jefferson Parkway Golden Co. 80401*

B. Type of proceeding: *35-(B) Reconsideration*

C. Date filed: *Jan 24th 2003*

D. List the claims raised: *excessive punishment for property crime, misrepresentation and advisement by counsel and Good Prison Record, supporting letters and documents from Buisness contacts Friends and Family*

E. Date and result (attach a copy of the decision if available): *Jan 2nd 2004 Sentence Reduction of 2 yrs.*

F. Did you appeal? ___ Yes  X  No  (CHECK ONE)

G. Date and result on appeal (attach a copy of the decision if available): _____

H. Did you appeal to the state's highest court? ___ Yes  X  No  (CHECK ONE)

I. Date and result of appeal to highest state court (attach a copy of the decision if available): _____

(Rev. 9/02/04)                                    4

Name & Loc: **C. More Post Conviction Proceedings**

A. Jefferson County Court - 100 Jefferson Parkway Golden Co, 80401

B. Type of Proceeding ___35(C) Motion For Post Conviction Relief___

C. Date Filed ___July 28th 2004___

D. Claims Raised - seeking credit For confinement time From conviction through Post Sentence confinement in Denver County For a period of 15 months and good time credits For All Post Sentence confinement time Lastly A claim of ineffectual Assistance of Council.

E. Decision Result Sept. 8th, 2004 - Denial - Judge Woodford states defendants claim of ineffectual Asst. of council had never previously Been Raised. But it had - see Motion For Reconsideration page 1 - Highlighted. He Also states why it wasn't Raised on direct Appeal Because I never Met My Appealate Atty. And she never conferred with me on 'ANY' issues concerning my Appeal see explanation 1. A.

F. Did I Appeal - No - At the time I had no Idea I had A Right to Appeal A Post Conviction Relief motion by the time I learned it through Further Research the time Bar on my (35-C) Post conviction Relief motion had expired. A Few days Later I was paroled on I.S.P. From the Colorado Dept. of Corrections

Rev. 4/15/02           4½

## D. CLAIMS

CAUTION: To proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts for each claim asserted in this action. If you fail to assert all your claims in this application, you may be barred from presenting additional claims at a later date. State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important. You do not need to cite specific cases to support your claim(s). If you need additional space to describe any claim or to assert additional claims, use extra paper to continue the claim or to assert the additional claims. Identify clearly any additional pages that you attach to this form.

1. Have you fairly presented to the state's highest court each of the claims asserted in this action?   __ Yes __ No (CHECK ONE)

2. If you answered "No" to question 1., list the claims that have not been fairly presented to the state's highest court and explain why: *Double Jeopardy, And Illegal Incarceration. Incorrect service of sentence. Ineffectual Assistance of counsel, Departmental clerical error*

3. Claim One: *Double Jeopardy & Illegal Incarceration*

   A. Supporting facts: *All Accompanying Judgements Expanation packet (see Z.A.) And Mittimi will support the fact that I've served more time than my sentence and parole combined could possibly constitute or Require.*

   B. If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim: *Did not know of "Time At Liberty issue" At the time of Filing A (35-C) motion For post conviction Relief.*

(Rev. 9/02/04)                                     5

4. Claim Two: <u>That the new sentence is Also completely served.</u>

A. Supporting Facts: The mittimus For the Attempted escape charge 18-8-208.1 (2) case Number D0472005CR000096 has Also been served in complete And exausted itself As defendant pled guilty to Attempted escape And Recieved A sentence of one year Dept of corrections to run concurrant with the Parole Revokation case Number D0302000CR001956 And was credited For 495 As of 10-30-2006 days time served, However Again the Dept of corrections seems Not to have credited defendant with Any of that time toward the New sentence As the court can plainly see on the New Time computation Sheet Attached As of 1-23-2007 See exibit-B-Next Page

B. If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim: This Claim was Not Applicable At the time of Previous post convition Filings.

5. Claim Three: <u>Also Possible Equal Protection Violation</u>

A. Supporting facts: Also Colorado Statutes 17-22.5-101 seemingly must Apply to the service of All my sentence After post conviction And post sentence confinement According to J.Rovira & J.Quinn As J.Neighbors opines that All post sentence confinement time in Any Lockups or County Jails without Diciplinary problems must be credited goodtime And earned time As there Are No other Rehabilitative services Available to him. Therefor Not Applying Good And Earned time credits to his sentence would Be tantamount to violating Defendants Equal protection Rights.

B. If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim:

(Rev. 9/02/04)     6

Exibit - B

UE-8

COLORADO DEPARTMENT OF CORRECTIONS
OFFICIAL TIME COMPUTATION REPORT

*** AS OF: 01/23/2007 ***                PAGE: 1

| COMMITTMENT NAME (LAST, FIRST MI) | DOC NUMBER | FACILITY | LIVING UNT |
|---|---|---|---|
| RATCHFORD, MICHAEL J | 115106 | DRDC | DRDC/UNIT1 |

INSTRUCTIONS: THE ABOVE INMATE'S PROJECTED ELIGIBILITY DATES HAVE BEEN
ESTABLISHED OR ADJUSTED FOR THE REASONS LISTED BELOW AND
THIS REPORT NULLIFIES ANY PREVIOUS COMPUTATIONS.

REASON(S) FOR
  ADJUSTMENT: INTO DENVER RECEPTION AND DIAGNOSTIC CENTER
  REMARKS: KMN -

SENTENCES IMPOSED:

| G V | NO | COUNTY | DOCKET (MITTIMUS) | OFFENSE | MINIMUM YRS MO DAY | MAXIMUM YR MO DAY | CNS TO | JAIL TIME | JAIL CRED | EFF DATE YR MO DAY |
|---|---|---|---|---|---|---|---|---|---|---|
|   | 1 | JEFFER | 00CR1956 | ******** | 4 0 0 | 4 0 0 | 0 | 113 | 113 | 02-07-31 |
| M | 4 | JEFFER | 00CR1956 | >PAROLE SENT | 3 0 0 | 3 0 0 | 0 | 0 | 0 | 05-04-20 |
|   | 2 | DENVER | 02CR3616 | ************ ******* | 1 0 0 | 1 0 0 | 0 | 0 | 0 | 02-12-13 |
|   | 3 | CLEAR | 02T69 | ******** | 0 0 10 | 0 0 10 | 0 | 0 | 0 | 04-04-21 |
| N | 5 | PARK | 05CR96 | ******* | 1 0 0 | 1 0 0 | 0 | 0 | 0 | 06-12-18 |

* M = MAX GOVERNING SENTENCE, N = MINIMUM GOVERNING SENTENCE, B = GOVERNS BOTH

COMPUTATIONAL TIME PERIODS:

| --FROM-- YR MO DA | ---TO--- YR MO DA | -LENGTH- YR MO DA | TYPE OF TIME PERIOD | NULL TIME APPLICABLE |
|---|---|---|---|---|
| 07 01 22 | 07 01 23 | 0 0 1 | INCARCERATION | |
| 06 12 18 | 07 01 22 | 0 1 4 | DELIVERY TIME | |
| 05 07 19 | 06 12 18 | 1 4 29 | REVOCATION HOLD | |
| 05 06 09 | 05 07 19 | 0 1 10 | ABSCONDER TIME | BTH |
| 05 04 20 | 05 06 09 | 0 1 19 | PAROLE REVOKED | |
| 02 10 21 | 05 04 20 | 2 5 29 | INCARCERATION | |
| 02 07 31 | 02 10 21 | 0 2 20 | DELIVERY TIME | |

TIME AWARDED OR LOST:

| TRANS DATE YR MO DA | AMOUNT (DAYS) | TYPE | REASON |
|---|---|---|---|
| 05 09 01 | 0 | EARNED TIME | AWARDED |
| 05 08 01 | 0 | EARNED TIME | AWARDED |
| 05 07 01 | 0 | EARNED TIME | AWARDED |
| 05 06 01 | 5 | EARNED TIME | AWARDED |
| 05 05 01 | 0 | EARNED TIME | AWARDED |

GOVERNING SENTENCE(S):

G                             MINIMUM                              MAXIMUM

```
                         *** AS OF: 01/23/2007 ***                    PAGE:  2

COMMITTMENT NAME (LAST, FIRST MI)               DOC NUMBER  FACILITY   LIVING UNT
---------------------------------------------   ----------  --------   ----------
RATCHFORD, MICHAEL J                            115106      DRDC       DRDC/UNIT1

V  NO CNS COUNTY (MITTIMUS)     YR MO DAY                         YR MO DAY
-  --- --- ------ ----------    ---- -- ---                       ---- -- ---
M   4   0 JEFFER 00CR1956                                            3  0   0
N   5   0 PARK   05CR96           1  0   0
   ====================         ==== == ===                       ==== == ===
       TOTAL GOVN SENTENCE(S): =   1  0   0                  =       3  0   0


TIME POSTINGS SUMMARY:                 SENTENCE
                                        REDUCT
                                       YR MO DAY
                                       ---- -- ---                  EARNED
              JAIL CREDIT:                0  0   0                   TIME
     CDOC SENTENCE REDUCT: +              0  6   0                 YR MO DAY
                                       ---- -- ---                 ---- -- ---
   MAX SENT REDUCTION TIME:               0  6   0    MAX EARNED TIME:      0  0   5
  LOST CDOC SENTENCE REDUCT: -            0  0   0         E.T. GRANTED: -  0  0   5
  RESTORED CDOC SENT REDUCT: +            0  0   0       E.T. PROJECTED: -  0  0   0
                                       ==== == ===                         ==== == ===
   TOTAL SENT REDUCT APPLIED: =           0  6   0     BALANCE EARNABLE: =    0  0   0


TIME COMPUTATION SUMMARY AND PROJECTED ELIGIBILITY DATES:

                                       MINIMUM                              MAXIMUM
                                       YR MO DAY                           YR MO DAY
                                       ---- -- ---                         ---- -- ---
      TOTAL GOVN SENTENCE(S):             1  0   0    GOVERN SENTENCE(S):     3  0   0
                  JAIL TIME: -            0  0   0            JAIL TIME: -    0  0   0
   TOTAL SENT REDUCT APPLIED: -           0  6   0
               E.T. GRANTED: -            0  0   0         E.T. GRANTED: -    0  0   5
             E.T. PROJECTED: -            0  0   0       E.T. PROJECTED: -    0  0   0
                                       ---- -- ---                         ---- -- ---
                                          0  6   0                            2 11  25
                  NULL TIME: +            0  0   0            NULL TIME: +    0  1  10
                                       ---- -- ---                         ---- -- ---
                                          0  6   0                            3  1   5
       SENT EFFECTIVE DATE: + 2006 12 18              SENT EFFECTIVE DATE: + 2005 04 20
                                       ==== == ===                         ==== == ===
            PROJECTED DATE OF                         PROJECTED DATE OF
          PAROLE ELIGIBILITY:        2007  6  18     SENTENCE DISCHARGE:   2008  5  25
```

Section D. Further Claims

Claim 4. Departmental Error Clerical Type.

Defendant isn't sure whether clerical error is an issue for the courts or not. But defendant doesn't really know how to resolve his problem or where to turn as the blame must certainly be some type of error in the court documents or a computer error or whatever caused the lack of a proper commitment warrant. And said mistake will probably never be tracable. Defendant doesn't know if he has a claim of Illegal sentence or not as the mittimus and dates and time are correct. And as Dept. of corrections time computation sheets (although incorrect) they reflect the proper dates as far as they know. They just do not reflect proper credits for all the time defendant has served since conviction and imposition of sentence. As I'm sure your Honorable court can see that Defendants date of conviction was March 15th 2001 and sentence was imposed on April 23rd 2001. But as Department of corrections time comp clearly reflects the service of offenders sentence does not begin untill July 31st of 2002. And only credits defendant with 113 days pre sentence confinement while incarcerated in Jefferson county but in no way credits him for any pre sentence, post sentence, confinement or good or earned time credits that the constitution of the great United States or the state of Colorado constitution statutes protect by law. Again defendant asserts that what-ever or whoever made such a grave error it is at this time unconstitutionaly depriving depriving Defendant Ratchford *1/15/06 of his Right to Liberty. As his sentences (All concurrent) see mittimi have been served in complete as well as serving the whole term of his mandatory parole.

p. 6½

## Section D. Further Claims

Claim 5. As to the claim of ineffectual assistance of council, Defendant believes after talking to other Attorneys and legal laymen that his Atty. Mr. Rios should have advised his client to take the plea bargain of 18 months and one year mandatory parole. Instead defendant feels that his Atty. talked him into going to trial. Firstly he stated to defendant that he believed he could prove to a Jury that said defendant did not steal more than $500.00 and could not there-for be found guilty of Felony theft. Mr Rios also claimed he was almost sure he could beat the felonious part of the crime after the defense portion of the trial began because he believed that Defendant was charged wrongly in that the state charged defendant with one felony theft on said date and not a series of misdemeanor thefts that constituted a Felony theft. And lastly that the Honorable Judge Woodford did not punish people 'too' harshly for going to trial. And that because of the charges being so borderline to the $500.00 barrier that he wouldn't sentence me to much more than the plea bargain anyway. And it was also his belief that if defendant was found guilty that he believed that the appealate courts would uphold his motion that defendant was charged with the wrong charge. Defendants Atty. was wrong on all counts. In his representation it was also agreed upon that defendants trial would voluntarily participate in a new trial program not yet enacted into law but approved by the supreme court and I believe an idea of Justice Rebecca Kourlis allowing the evidence in trial to be examined by the Jury in the Jury Room and to ask indirect Questions to the witnesses. At the present time Defendant claimant does not remember whether he ever agreed to or was even advised of this practice. This is where the element of defendants claim on direct appeal comes into focus. Because defendants Atty. did not object to the District Attorney Mr. Scott Story letting the Jury see and examine personally and legally owned property of Defendant to be (p. 6 3/4) considered during deliberation of guilt.

## Section 2. Further Claims

**Claim 4. Continued.** Of course it was defendants claim on direct Appeal that to see defendants personal property and especially the knives prejudiced jury against defendant. As a licensed dealer for Buck, Gerber and Hinkle knive and Kitchen cutlery the trial court erred in allowing to see and examine things that were not evidence or stolen Items by the jury and defendants attys lack of objection. surely caused jury to consider defendants guilt As court transcripts show Because they proposed this Question to the court. As Mr. Rios's defense was based solely on the fact that the items stolen did not exceed Five Hundred dollars he should have objected vehemently the jury seeing, examining or proposing a question to anything other than the actual evidence or stolen Items, persay. Basically the whole defense was founded on the fact that the defendant never stole more than 400 or 400 dollars and change to support his drug habit. No one even tried to make the jury believe defendant did not steal. It was part of the defense that the jury be told the truth in these circumstances. The jury had been instructed the whole time that if any items that were not stolen in Jefferson county and or on that day they could not be considered or calculated into the amount or value of the stolen property. Then defendants atty again erred when he allowed the judge to give a jury instruction that violated all constitutional understanding when he told the jury they could just summarily suppose that defendant 'might' have comitted similar crimes in Jefferson county in the past six months and aggregate the value of the items stolen to over $500.00 dollars and find the defendant guilty of felony theft. Lastly the very belief and claim of a wrongful charging document and incorrect charges were never raised on Appeal thereby leading defendant to believe that Mr. Rios never conferred with or even noted said issue with defendants Appealate Atty. Ms. Elizabeth Griffon. Judge Woodford states in defendants post conviction relief motion that defendant never brought up these issues or the claim of

page O.7

Claims. Still continued. [Section D. Further Claims] of ineffectual assistance of council. But as defendant never had any contact correspondence or conference with his Appealate Atty. none of these issues were ever brought up on appeal. Only after defendants direct appeal process was over did he have contact by mail with Ms. Griffon. As defendant was able to collaborate with Ms. Griffon on his Reconsideration defendant did make reference to fact he was terribly misrepresented by Mr Rios. And it's defendants final assertion that after hundreds of attempts to contact Mr. Rios by phone messages and mail, If Mr. Rios had taken the time to have defendant writted to Jefferson County from Denver and brought before the trial court to correct whatever error existed so he could have been inducted into the Department of Corrections at an appropriate time after sentencing on April 23rd 2001. All the Illegal incarceration and Double Jeopardy the defendant is now serving could have been subverted. And all of the defendants Rehabilitation times and Parole eligability dates as well as Actual service of sentence would have been considerably sooner. The lack of response to my pleas and even my Attorney's (Mr. Charles Garcia) pleas (Denver Case) to try and find out what the problem with my sentence and possibly fix it shows a serious lack of concern for a client at that point. I think this constitutes some kind of misrepresentation if not ineffectual assistance of council, on Mr. Rios part. Maybe it's to late at this point to effect this claim. or it may be moot point anyway. But I believe that Mr. Rios should be Repremanded in some way for his lack of concern After the Fact. Because he had 18 months to straight-en out this problem and made no attempts to do so. If he had Defendant would not be here filing this application at this time.

pg. .007

## E. PRIOR APPLICATIONS

1. Other than the instant action, have you filed any action in federal court challenging the conviction under attack in this action?   __ Yes  _X_ No  (CHECK ONE)

2. If you answered "Yes" to question 1., give the following information for each prior federal court action challenging the conviction under attack in this action.

   A. Name and location of court: _____

   B. Case number: _____

   C. Type of proceeding: _____

   D. List the claims raised: _____

   E. Date and result (attach a copy of the decision if available): _____

3. If the instant application is a second or successive application, have you obtained authorization from the United States Court of Appeals for the Tenth Circuit for this court to consider the application?   *N/A*   __ Yes __ No  (CHECK ONE)

## F. OTHER CONVICTIONS

*Not sure How to Answer this Question explanation on Next page*

1. Do you have any concurrent or future sentence(s) to be served after you complete the sentence imposed as a result of the conviction under attack?   __ Yes __ No  (CHECK ONE)

*Also see Attachment explanation 1.A. And Mittini from Original Filing.*

(Rev. 9/02/04)                                7

*All other sentences have exausted themselves*

2. If you answered "Yes" to question 1., give the following information for each sentence:

   A. Name and location of the court: *Park County courthouse Box 190, 36 4th St, Fairplay Co. 80440*

   B. Case number: *D0472005CR.000096*

   C. Type and length of sentence: *1 yr. Dept of Corrections + 1 yr. Mandatory parole with credit for 495 days as of 10-30-2006 to run concurrant with defendants parole violation this case number D0502000CR.001956*

### G. LEGAL REPRESENTATION

1. List the names and address, if known, of each attorney who has represented you in proceedings regarding the conviction under attack:

   A. Preliminary hearing: *Wilfredo Rios*

   B. Arraignment and plea: *Wilfredo Rios*

   C. Trial: *Wilfredo Rios*

   D. Sentencing: *Wilfredo Rios*

   E. Appeal: *Elizabeth Griffon*

   F. Postconviction proceedings: *Pro-se*

   G. Appeal from any adverse ruling in postconviction proceedings: *N/A*

(Rev. 9/02/04) 8

## H. REQUEST FOR RELIEF

I request the following relief: Credit For All time served Pre And Post sentence sentence confinement credit For time At Liberty For Mistaken Release From custody. Good And Earned time credits to be determined toward All pre And post sentence confinement time in the Denver County Jail. Credit For the 81 days that Dept. of corrections deprived offender of while on Illegal I.S.P. credit For All confinement time to this date For confinement in Park County Jail toward New And concurrant sentence. An Award of three Hundred dollars per day For Every day of Illegal Incarceration, And An Immediate Release From the Dept of corrections And Buena Vista Correctional Facility.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on February 16th 2007
/(Date)

_____
Michael Ratchford
(Applicant's Original Signature)

Applicant's prisoner identification number and complete mailing address:

Michael Ratchford - 115106 / Box 2017 Buena Vista Correctional Facility Buena Vista Co. 81211-2017. / Home Address 291 Raven Dr. Bailey Co. 80421

Respondents' names and complete mailing addresses:

Attorney General For the State of Colorado And the Dept of corrections 2862 South Circle Dr. Colorado Springs Co. 80906 / Buena Vista correctional Facility And Chaffee County Box 1699 - 104 Crestone Ave. Salida Co. 81201 or B.V.C.F. Box 2017 Buena Vista Colorado 81211-2017

(Rev. 9/02/04)   9