IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00206-BNB

MICHAEL JAMES RATCHFORD,

   Applicant,

v.

COLORADO DEPT. OF CORRECTIONS,
CHAFFEE COUNTY,
BUENA VISTA CORRECTIONAL FACILITY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

   Respondents.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 8 - 2007

GREGORY C. LANGHAM
            CLERK

---

ORDER TO SHOW CAUSE

---

Applicant Michael James Ratchford is incarcerated at the Colorado Department of Corrections (DOC) and currently is housed at the Buena Vista, Colorado, Correctional Facility. Mr. Ratchford initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court must construe the Application liberally because Mr. Ratchford is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ratchford will be ordered to show cause why the Application should not be denied with respect to Claims One and Five.

Mr. Ratchford alleges that he was convicted in the Jefferson County District Court of a class four felony theft in Case No. DO302000-CR-001956, on March 15, 2001. In the instant action, Mr. Ratchford asserts five claims including a double

jeopardy and illegal incarceration claim, a claim involving the miscalculation of a sentence in a separate conviction, two claims involving the execution of his sentence, and an ineffective assistance of counsel claim. Claims One and Five properly are asserted in this action pursuant to 28 U.S.C. § 2254. Claims two, Three, and Four more properly are asserted pursuant to 28 U.S.C. § 2241 in a separate action.

With respect to Claims One and Five, Mr. Ratchford must exhaust state remedies before he may raise the claims in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

As for Claim One, Applicant contends that at the time he filed a Colo. R. Crim. P. 35(c) postconviction motion he was not aware of the liberty issue he presents in Claim One. (Application at 5.) Applicant does not address whether he has exhausted Claim Five. Mr. Ratchford, therefore, fails to assert that he has fairly presented Claims One and Five to the Colorado Supreme Court. Applicant will be ordered to show cause why the instant action should not be denied for failure to exhaust state court remedies.

The Application also suffers from other deficiencies. Pursuant to 28 U.S.C. § 2244(d), a one-year limitation period applies to the instant action. Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Mr. Ratchford alleges that the judgment of conviction was entered on March 15, 2001.

3

He also states that he filed a direct appeal in which a writ of certiorari was denied on July 28, 2003. He then had ninety days to seek review in the United States Supreme Court, *see* Sup. Ct. R. 13, although he does not allege that he did so. Therefore, for the purposes of the one-year limitation period, his conviction and sentence became final on October 26, 2003, when the time for seeking review in the United States Supreme Court expired. **See Rhine v. Boone**, 182 F.3d 1153, 1155 (10th Cir. 1999).

Mr. Ratchford does not allege (1) that unconstitutional state action prevented him from filing the instant action sooner, (2) that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (3) that he could have discovered the factual predicate for his claims at the time he was convicted and sentenced. Therefore, it appears that the one-year limitation period began to run on October 27, 2003.

In the Application, Mr. Ratchford states that he filed a Colo. R. Crim. P. 35(b) postconviction motion that was pending in the state courts from January 24, 2003, until January 2, 2004. It appears that the Rule 35(b) motion tolled the one-year limitation period for that entire period of time. **See** 28 U.S.C. § 2244(d)(2). Applicant also asserts he filed a Colo. R. Crim. P. 35(c) postconviction motion on July 28, 2004, that was pending until September 8, 2004. Nonetheless the Rule 35(c) motion challenges the execution of Applicant's sentence not the validity of his conviction and sentence. The time the Rule 35(c) motion was pending does not count for purposes of tolling the time pursuant to § 2244(d) in the instant action. Therefore, from January 3, 2004, until January 15, 2007, the day prior to when Applicant signed the instant Application, a total

of over three years, Mr. Ratchford did not have a postconviction motion or an application for other collateral review pending in state court. As a result, Mr. Ratchford will be ordered to respond and show cause why the instant action should not be denied as barred by the one-year limitation period.

In the Response, Mr. Ratchford should provide any information that might be relevant to the one-year limitation period, including information relevant to the possibility of equitable tolling.

Applicant should also take note that Respondents Colorado Dept. of Corrections, Chaffee County, and Buena Vista Correctional Facility are improperly named respondents in a § 2254 action. A properly named respondent is Applicant's current warden. Mr. Ratchford will be instructed to identify the name of the warden where he currently is held and his address in the Response and to name the warden in the caption of the Response. Accordingly, it is

ORDERED that Mr. Ratchford respond and show cause in writing **within thirty days from the date of this Order** why the Application should not be denied for the reasons stated in the Order. It is

FURTHER ORDERED that Mr. Ratchford shall identify in the Response the warden of the facility where he currently is held and his address and name the warden in the caption of the Response as opposed to Respondents Colorado Dept. of Corrections, Chaffee County, and Buena Vista Correctional Facility. It is

FURTHER ORDERED that if Mr. Ratchford fails to show cause to the Court's satisfaction within the time allowed, the Application will be denied and the action will be

dismissed without further notice.

DATED March 8, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00206-BNB

Michael J. Ratchford
Prisoner No. 115106
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3-8-07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk